UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FEDERAL HOME LOAN MORTGAGE CORP.,   CIV. NO. 13-2312 (MJD/JSM)

        Plaintiff,   REPORT AND RECOMMENDATION

    v.

YIA XIONG, CHEE PHA,
JOHN DOE, AND MARY ROE,

        Defendants.

This matter is before the Court on plaintiff's Combined Motion to Dismiss Defendant's Counterclaim and Motion for Summary Judgment. [Docket No. 7]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c), and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 21].

This is an eviction action. The property that is the subject of this suit is located in in Little Canada, Minnesota ("Property"). Notice of Removal (attached Evictions Summons and Complaint) [Docket No. 1-1]. Defendants Yia Xiong and Chee Pha ("Xiongs") are the former owners of the Property. The Property was sold at a foreclosure sale conducted on January 4, 2013. Id. Ex. A (Sheriff's Certificate of Sale and Foreclosure Record). On March 11, 2013, plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") was assigned the Sheriff's Certificate. Id., Ex. B (Assignment of Sheriff's Certificate of Sale).

On August 19, 2013, Freddie Mac commenced the instant action, and on August 23, 2013, the Xiongs removed it from Minnesota state court on the basis that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1345, asserting that plaintiff is deemed a federal agency pursuant to 12 U.S.C. § 1452(f). Notice of Removal, p. 2. On August 28, 2013, the Xiongs filed an answer and counterclaims alleging claims for quiet title and declaratory judgment. See Docket No. 5.

This current action initiated by Freddie Mac in Minnesota state court is similar to numerous other eviction actions that have been removed from state court to federal district court by defendants' counsel, William Butler,[1] in recent months. In several of these cases, Freddie Mac moved to remand the eviction actions back to state court; however, in this case it elected to move for summary judgment and to dismiss the Xiong's counterclaims. It is this Court's determination that sua sponte remand is appropriate without considering Freddie Mac's motion.[2]

---

[1]  Butler was suspended from practice before the United States Court of Appeals for the Eighth Circuit on December 26, 2013. In re Butler, No. 13–9013 (8th Cir. Dec. 26, 2013). As a result, Butler was automatically suspended from practice before the District Court, effective December 26, 2013. See D. Minn. L.R. 83.6(b)(1); In re Butler, Misc. No. 13–49(MJD), ECF No. 10 (D. Minn. Jan. 14, 2014).

[2]  The counterclaims track the scores of complaints Butler has filed in this district challenging the foreclosures of his clients' properties. These complaints generally allege claims for quiet title, declaratory judgment and slander of title. The counterclaims in the instant case alleged quiet title and declaratory judgment. Answer and Counterclaim [Docket No. 5]. In Federal National Mortgage Ass'n v. Gear-Fleury et.al., Civ. No. 13-2389 (ADM/JJK) defendants filed an answer and counterclaim to plaintiff Fannie Mae's state court eviction action, after removing it to federal court. [Docket No. 5]. The counterclaims in Gear-Fleury alleged quiet title, declaratory judgment and slander of title. Id., pp. 18-19. Fannie Mae moved for summary judgment and to sever the counterclaims. [Docket No. 15]. Magistrate Judge Keyes recommended that the matter be remanded to state district court and declined to address Fannie Mae's motion to sever. Report and Recommendation, December 16, 2013 [Docket No. 30]. In its response to defendants' objections to the Report and Recommendation, Fannie Mae asked that the counterclaims be severed, reserving them for later dismissal. Plaintiff's

2

Federal courts are courts of limited jurisdiction.  Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991).  Therefore, the court may raise sua sponte issues of subject matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues.  Id. at 523; MCC Mortgage LP v. Office Depot, Inc., 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte).  The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction.  28 U.S.C. § 1447(c); Masepohl v. American Tobacco Co., Inc., 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the Court is persuaded that abstention from exercising jurisdiction is appropriate, as this District Court has decided in substantially similar cases.  See Federal Home Loan Mortgage Corp. v. Grantz, Civ. No. 13-1490 (PJS/AJB), 2013 WL 5202393, at *1 (D. Minn. Sept. 12, 2013) (Order adopted by District Court Sept. 16, 2013 (2013 WL 5203395 at *1 (D. Minn. Sept. 16, 2013)); Federal Nat'l Mortgage Ass'n v. Torborg, Civ. No. 13-1522 (DWF/AJB), 2013 WL 5567454, at *1-2  (D. Minn. Sept. 4, 2013) (Order adopted by District Court, 2013 WL 5567450, *1 (D. Minn. Oct. 9, 2013); Federal Home Loan Mortgage Corp. v. Angelberto

---

Response to Defendants' Objection to Report and Recommendation [Docket No. 33].  The district court overruled objections to the Report and Recommendation and rejected Fannie Mae's request to sever the counterclaims, noting "[s]everance would be at odds with convenience and judicial economy, and would result in unnecessary claim-splitting across state and federal courts.  The parties may resolve counterclaims as part of the eviction action, or as a related state court action."  Order, February 6, 2014 [Docket No. 34].  Freddie Mac has not moved to sever the counterclaims in the instant action.  The Court has described the district court's holding in Gear-Fleury to explain why it is recommending that the entire suit be remanded, including defendants' counterclaims, without considering Freddie Mac's motion to dismiss the counterclaims.

3

Contreras, Civ. No. 13-897 (ADM/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 25] adopted by District Court Oct. 1, 2013 [Docket No. 29]); Federal Home Loan Mortgage Corp. v. Briggs, Civ. No. 13–1243 (MJD/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 18]); Federal Home Loan Mortgage Corp. v. Smith, No. 13-908 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 39] adopted by District Court Aug. 12, 2013 [Docket No. 43]); Federal Home Loan Mortgage Corp. v. Stone, Civ. No.13-970 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 36] adopted by District Court Aug. 12, 2013 [Docket No. 41]).  There are no legally relevant facts on which to distinguish the present eviction action from those cases.

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quotation omitted).  Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction.  Id. at 716, 728-29, 733-34.  Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary."  Burford v. Sun Oil Co., 319 U.S. 315, 317-34 (1943) (citations omitted).

In MCC Mortgage the District Court determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing Burford, 319 U.S. at 317-34. 685 F. Supp. 2d at 947.  Under Burford, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to

4

establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).  The court in MCC Mortgage, noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'"[3] 685 F. Supp. 2d at 946-47 (quoting MRM Mgmt. Co. v. Ali, Civ. No. 97-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)).  See also, e.g., Homesales Inc., of Delaware v. Greene, Civ. No.10-3024-CL, 2010 WL 1630469, at *2-3 (D. Or. March 25, 2010) (because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (Report and Recommendation adopted by District Court on other grounds, 2010 WL 1630468, at *1 (D. Or. April 19, 2010[4]); CPG Finance I, L.L.C. v. Shopro, Inc., Civ. No. 06-3015-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy objectives underlying abstention support remand of removed dispossessory action) (quoting Quackenbush, 517 U.S. at 716) ("[A]bstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.")); Glen 6 Assocs. v. Dedaj, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate

---

[3] Although the court in MCC Mortgage declined to abstain from jurisdiction, that case is factually distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor.  Further, this Court is aware that this action is one of numerous post-foreclosure eviction actions that have been removed to this Court in the last several months on the same removal grounds defendants invoke here, which further distinguishes the present action and the Court's ability to efficiently handle such summary eviction proceedings.

[4] In Homesales Inc., the district court found that it lacked subject matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the Magistrate Judge's recommendation of remand.  2010 WL 1630468, at *1.

abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

Although "abstention 'is the exception, not the rule,'" MCC Mortgage, 685 F. Supp. 2d at 947 (quoting Colorado River Water Conservation Dist., 424 U.S. at 813), this Court concludes that abstention is appropriate in these circumstances. This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is delegated to Minnesota law enforcement personnel. See generally Minn. Stat. §§ 504B.001, subd. 4, 504B.365. See also Homesales Inc., 2010 WL 1630469, at *2-3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law. See MCC Mortgage, 685 F. Supp. 2d at 946. There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. See, e.g., Glen 6 Assocs., 770 F. Supp. at 228. Minnesota state district courts and the Hennepin and Ramsey County Housing Courts are uniquely qualified to handle efficiently the large volume of post-foreclosure eviction cases to which Freddie Mac is a party. As the court in Federal Home Loan Mortgage Corp. v. Matassino noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters. State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." Civ. No. 1:11-3895-CAP, 2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012). Here, it appears that defendants have removed the action to federal court seeking solely to delay the eviction proceeding in Ramsey County. Considering principles of

comity, federalism, and judicial economy, the Court recommends that the matter be remanded to state court.

Because the Court has recommended that the District Court abstain from exercising jurisdiction over this action, it declines to consider the merits of plaintiff's Motion to Dismiss Defendant's Counterclaim and Motion for Summary Judgment.

## III.   RECOMMENDATION

For the reasons set forth above, it is recommended that this action be remanded to Minnesota state district court.


Dated: March 3, 2014                                           *Janie S. Mayeron*
                                                               JANIE S. MAYERON
                                                               United States Magistrate Judge


### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 21 2014**,[5] a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[5]   The Court has extended the time for the Xiongs to object to this Report and Recommendation, as they are currently unrepresented by counsel.